### In re: ADOPTION OF W.R.

### Appeal of: S.R., Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 12, 2002.
Filed May 6, 2003.

---

Karen E. Friel, Drexel Hill, for appellant.

Brian J. Seleyo, Media, for CYS, participating party.

BEFORE: BOWES, GRACI and OLSZEWSKI, JJ.

OPINION BY BOWES, J.:

¶ 1 Appellant, S.R. ("Mother"), appeals from the order entered September 25, 2001, terminating her parental rights. Since we lack jurisdiction to entertain this appeal, we are constrained to quash.

¶ 2 Hearings were held on September 17 and 25, 2001, on the petition to terminate Mother's parental rights filed by Delaware County Office of Children and Youth Services ("CYS"). The trial court entered an order terminating Mother's parental rights on September 25, 2001. Mother filed exceptions to the September 25, 2001 order on October 15, 2001, in violation of Rule 7.1(e) of the Orphans' Court Rules, amended December 20, 2000, effective January 1, 2001, which provides, "No exceptions shall be filed to any order in involuntary or adoption matters under the Adoption Act, 23 Pa.C.S. Section 2501 *et seq.*" The lower court docket reflects the filing of an order denying Mother's exceptions on October 30, 2001.

¶ 3 On March 19, 2002, Mother filed a petition for allowance of appeal *nunc pro tunc,* in which she asserted that counsel "received a copy of this order for the first time on 3/14/02." Petition for allowance of appeal *nunc pro tunc,* 3/19/02, at ¶ 6. The orphans' court granted the petition on March 21, 2002, and Mother filed her notice of appeal *nunc pro tunc* on March 25, 2002.

¶ 4 Recent case law directs the result herein. In *In re C.G.,* 791 A.2d 430

(Pa.Super.2002), the biological mother filed exceptions to a February 21, 2001 decree of the orphans' court terminating her parental rights. The orphans' court denied exceptions on April 3, 2001, and filed a final decree on April 4, 2001. The mother filed a notice of appeal on May 2, 2001. This Court declined to deem the mother's appeal untimely due to the strictures of Orphans' Court Rule 7.1. We stated, "[G]iven the unexplained delay of almost 20 months between the hearing of July 6, 1999 and the trial court's decision of February 21, 2001, the parties and the trial court may have reasonably concluded that the prior procedure ... was still applicable." *Id.* at 434. In the interest of justice, we determined therein that amended Rule 7.1(e) should not be applied to termination proceedings that remained ongoing at the time the new rule became effective, but we specifically noted, "[Rule 7.1(e)] will be strictly applied in all future cases where the hearing on the termination petition began after January 1, 2001." *Id.; see also In re A.L.D.,* 797 A.2d 326 (Pa.Super.2002) (*In re C.G.* will not be read as compelling exceptions where they were not required by Orphans' Court Rule 7.1(e)).

¶ 5 In the instant case, the petition for involuntary termination of parental rights was filed on August 13, 2001, more than seven months after the effective date of amended Orphans' Court Rule 7.1(e), and the hearings on the termination petition were held on September 17 and 25, 2001, more than nine months beyond the effective date of Rule 7.1(e). Thus, the rule precluded the filing of exceptions, and Mother should have filed a notice of appeal on or before October 25, 2001, the thirtieth day after entry of the order terminating her parental rights. *See* Pa.R.A.P. 903(a) (amended by 2002 Pennsylvania court Order 37, Oct. 18, 2002, effective Dec. 2, 2002).

¶ 6 Clearly, the within appeal is untimely. We note that although the parties did not challenge the timeliness of this appeal, we may raise the issue *sua sponte* since it goes to our jurisdiction to entertain an appeal. *In re C.G., supra* at 433 n. 2; *Rieser v. Glukowsky,* 435 Pa.Super. 530, 646 A.2d 1221 (1994). "[I]t is our responsibility to determine whether an appeal is properly before us." *Davis Supermarkets, Inc. v. Local 23,* 368 Pa.Super. 290, 533 A.2d 1068, 1070 (1987). It is well-settled that appellate courts cannot extend the time for filing an appeal. *Commonwealth v. Braykovich,* 444 Pa.Super. 397, 664 A.2d 133 (1995). Pa.R.A.P. 105(b) provides, "An appellate court ... may not enlarge the time for filing a notice of appeal ...." The instant appeal followed the orphans' court's grant of Mother's petition to file an appeal *nunc pro tunc.*

> Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge. More is required before such an appeal will be permitted than the mere hardship imposed upon the appellant if the request is denied. As a general matter, a Trial Court may grant an appeal *nunc pro tunc* when a delay in filing [an appeal] is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers. Where an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal nunc pro tunc.

*McKeown v. Bailey,* 731 A.2d 628, 630 (Pa.Super.1999) (citations omitted). Our

Supreme Court has made it clear that the circumstances occasioning the failure to file an appeal must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances. *Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156 (2001).

¶ 7 There clearly was no fraud or breakdown in the processes of the trial court herein. On December 20, 2000, the relevant orphans' court rule was amended to eliminate post-trial practice in involuntary termination and adoption matters, and the amendment became effective January 1, 2001. This date was more than seven months before CYS filed its petition and more than nine months before the hearings were held in this case. Moreover, this Court declared that Rule 7.1(e) would be strictly applied in all cases where the hearing began after January 1, 2001. Finally, the orphans' court docket sheets included in the certified record on appeal note that the trial court denied Mother's exceptions, which were improperly filed in the first place, on October 30, 2001, fifteen days after they were filed. Even if the exceptions had not been denied at the time reflected in the docket, or indeed, had never been denied, the trial court was not required to rule upon motions that are precluded by the rules of court, nor is such failure to rule a breakdown in the processes of a court.

¶ 8 Appeal quashed.