J-S36032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: A.V. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.A.R. | No. 530 EDA 2014 |

Appeal from the Order entered on January 27, 2014,
in the Court of Common Pleas of Wayne County,
Civil Division, at No(s): 8-2013

BEFORE:    GANTMAN, P.J., JENKINS, and FITZGERALD*, JJ.

JUDGMENT ORDER BY FITZGERALD, J.                    **FILED JULY 31, 2014**

J.A.R. ("Father") appeals from the order confirming the October 28, 2013 decree *nisi* that involuntarily terminated his parental rights to A.R. ("Child"), born in November of 2004, pursuant to 23 Pa.C.S.A. § 2511(a)(1) and (b) of the Adoption Act.  We quash the appeal as untimely and vacate the January 10 and January 27, 2014 orders.

On July 15, 2013, the child's mother filed a petition to involuntarily terminate Father's parental rights to Child.  The trial court terminated Father's parental rights on October 28, 2013 in a "decree *nisi*."  On November 26, 2013, Father filed exceptions to the decree *nisi*.  On January 10, 2014, the trial court filed an order purporting to grant Father's exception to the finding that Father was a sexually violent predator and to deny the remainder of the exceptions.  On January 27, 2014, the trial court purported to make the decree *nisi* final.

---

* Former Justice specially assigned to the Superior Court.

On February 7, 2014, Father filed a notice of appeal, but failed to include a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On February 26, 2014, the trial court entered an order directing Father to file a concise statement within twenty-one days. Father complied on March 14, 2014. *See In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009) ("There is no *per se* rule requiring quashal or dismissal of a defective notice of appeal. . . .").

We find that Father's challenge to the October 28, 2013 decree was improper, as exceptions were not permitted. Orphans' Court Rule 7.1(e) provides, "No exceptions shall be filed to any order in involuntary termination or adoption matters under the Adoption Act, 23 Pa.C.S. Section 2501 *et seq.*" Pa.O.C.R. 7.1(e); *see also In re Adoption of W.R.*, 823 A.2d 1013, 1014 (Pa. Super. 2003). Father did not seek and did not receive a grant of reconsideration of the October 28, 2013 decree; thus his appeal filed on February 7, 2014 is untimely. *See* Pa.R.A.P. 903(a) (requiring notice of appeal to be filed within thirty days after entry of order), 1701(b) (providing that when timely order of reconsideration is entered, time for filing notice of appeal begins to run anew). Thus, we lack jurisdiction to reach the merits of his appeal. *See W.R.*, 823 A.2d at 1014.

Appeal quashed. January 10 and January 27, 2014 orders vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2014