J-A10019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: JAMES W. ROBINSON, AN ADJUDICATED INCAPACITATED PERSON, NOW DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: DOREEN M. GRAZIANO | |
| | No. 1302 MDA 2014 |

Appeal from the Order Entered July 2, 2014
In the Court of Common Pleas of Lackawanna County
Orphans' Court at No(s): 35-2013-4

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 04, 2015**

Appellant, Doreen M. Graziano, appeals *pro se* from the July 2, 2014 order denying her petition to appeal *nunc pro tunc* from the orphans' court's February 6, 2013 order denying her motion for a preliminary injunction. After careful review, we affirm.

The orphans' court summarized the relevant factual and procedural history of this case as follows.

> James W. Robinson, now deceased, was adjudicated an incapacitated person by [the orphans' c]ourt on February [6], 2013 following a hearing on a [g]uardianship [p]etition which was filed by St. Mary's Villa, a nursing facility where Mr. Robinson was residing.  Along with the granting the [g]uardianship [p]etition, [the orphans' c]ourt also denied a [m]otion for [p]reliminary [i]njunction which was filed by [Appellant on January 29, 2013].

> The [p]reliminary [i]njunction [m]otion was centered on the circumstance that [Appellant] had entered into a fee agreement/contract for services with Susan Rooney and John Justice, adult children of James W. Robinson. Notwithstanding the dictates of the contract concerning the work to be performed at a certain cost, [Appellant] allege[d] that Ms. Rooney and Mr. Justice accepted her services but then refused to pay for those services, despite never having expressed any concern or dissatisfaction relative to the work performed by her. In the [p]reliminary [i]njunction [m]otion, [Appellant] sought to enjoin the payment of legal fees of Mr. Robinson's counsel for the guardianship proceeding as well as counsel for [p]etitioner St. Mary's Villa "until settlement of the claim against Defendant and the Estate of James W. Robinson, filed to Docket No. 12 CV 6016", which was a lawsuit she had instituted the previous year for payment for her services.

Orphans' Court Opinion, 10/22/14, at 1-2. On February 6, 2013, the orphans' court entered an order denying Appellant's motion for a preliminary injunction. Appellant filed a motion for reconsideration/appeal *nunc pro tunc* on March 13, 2013. On April 5, 2013, Appellant filed a notice of appeal from the February 6, 2013 order, which was docketed in this Court at 620 MDA 2013. On April 18, 2013, the orphans' court dismissed Appellant's motion for reconsideration for want of jurisdiction. Appellant filed a notice of appeal from that order on April 23, 2013, which was docketed in this Court at 753 MDA 2013. On June 3, 2013, this Court entered an order *sua sponte*, quashing Appellant's appeal at 620 MDA 2013 as untimely filed. Superior Court Order, 620 MDA 2013, 6/3/13, at 1. Appellant did not file a petition for allowance of appeal in our Supreme Court. On June 4, 2013, this Court

- 2 -

entered an order quashing Appellant's appeal at 753 MDA 2013 as taken from an unappealable order, "without prejudice to be refiled after the [orphans'] court rule[d] on the merits of [A]ppellant's petition to appeal *nunc pro tunc*." Superior Court Order, 753 MDA 2013, 6/4/13, at 1. Again, Appellant did not file a petition for allowance of appeal with our Supreme Court.

The record, pertaining to the issues in this appeal, remained dormant until April 22, 2014, when Appellant filed a new petition for appeal *nunc pro tunc*. The orphans' court conducted a hearing on June 19, 2014, at which Appellant subpeonaed the current register of wills of Lackawanna County to testify. On July 2, 2014, the orphans' court entered an order denying and dismissing Appellant's petition for permission to appeal *nunc pro tunc*. On July 29, 2014, Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises the following issues for our review.

> 1. Did the [orphans'] court properly apply the mandates of 20 Pa.C.S.A. [§] 5501 *et seq.* and Pa.O.C.R. 14.2 to the [p]etition for [a]ppointment of a [p]lenary/[p]ermanent [g]uardian of the [p]erson and [e]state of James W. Robinson, an alleged incapacitated person?

---

[1] The orphans' court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The orphans' court filed its Rule 1925(a) opinion on October 22, 2014.

2. Did the [orphans'] court properly apply the law in denying and dismissing Appellant's [m]otion for [p]reliminary [i]njunction?

3. Did the [orphans'] court properly consider all relevant factors in determining that Appellant has an adequate remeday [sic] at law for monetary damages?

Appellant's Brief at 8.

At the outset, we note that, although Appellant appeals from the orphans' court's July 2, 2014 order, all of Appellant's issues in her brief pertain to the merits of the orphans' court's February 6, 2013 order, denying her petition for a preliminary injunction. As noted above, this Court quashed Appellant's first appeal from the orphans' court's February 6, 2013 order as untimely filed. Superior Court Order, 620 MDA 2013, 6/3/13, at 1. The current order on appeal from July 2, 2014, **denied** Appellant's motion for appeal *nunc pro tunc*. We review an order denying a petition for permission to appeal *nunc pro tunc* for an abuse of discretion. ***Vietri ex rel. Vietri v. Del. Valley High Sch.***, 63 A.3d 1281, 1284 (Pa. Super. 2013) (citation omitted).

> Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge. More is required before such an appeal will be permitted than the mere hardship imposed upon the appellant if the request is denied. As a general matter, a Trial Court may grant an appeal *nunc pro tunc* when a delay in filing [an appeal] is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers. Where an appeal is not

> timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.
>
> *McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999) (citations omitted). Our Supreme Court has made it clear that the circumstances occasioning the failure to file an appeal must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances. *Criss v. Wise*, 781 A.2d 1156 (Pa. 2001).

*In re Adoption of W.R.*, 823 A.2d 1013, 1015-1016 (Pa. Super. 2003) (parallel citation omitted).

In this case, the orphans' court denied Appellant's petition for permission to appeal *nunc pro tunc*. Appellant's notice of appeal states that she is appealing the orphans' court's July 2, 2014 order denying her petition for permission to appeal *nunc pro tunc*. Appellant's Notice of Appeal, 7/29/14, at 1. However, Appellant's brief offers no argument as to how the orphans' court abused its discretion in denying her petition for permission to appeal *nunc pro tunc*. Having failed to raise a question on appeal relative to the denial of her motion to appeal *nunc pro tunc* and offered no argument in her appellate brief, the issue has been waived. *See In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (stating, "[f]ailure to cite relevant legal authority constitutes waiver of the claim on appeal[]")

- 5 -

(citation omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013). Accordingly, this Court cannot review any of the issues raised in Appellant's brief regarding the orphans' court's February 6, 2013 order.

Based on the foregoing, we conclude that we are without jurisdiction to address the merits of any of the issues raised in Appellant's brief, regarding the orphans' court's February 6, 2013 order. We further conclude Appellant has waived any issue in connection with the July 2, 2014 orphans' court order. Accordingly, the orphans' court's July 2, 2014 order denying Appellant permission to appeal said February 6, 2013 order *nunc pro tunc* is affirmed.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2015