J-S79001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| M.O. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| R.O. | |
| Appellant | No. 1309 EDA 2016 |

Appeal from the Order March 17, 2016
In the Court of Common Pleas of Lehigh County
Domestic Relations at No(s): 2015-FC-1447

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED NOVEMBER 01, 2016**

Appellant, R.O. ("Father"), appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas, which granted M.O. ("Mother") primary physical custody of minor children, A.P.O. and M.M.M.O.  We dismiss this appeal as untimely filed.

Mother and Father married in 1987, and have two minor children: A.P.O. and M.M.M.O. ("Children"), born in 1999 and 2004, respectively.  The family lived together in Allentown from 2002 until 2013, when Father accepted a job offer in Michigan, moved to Michigan, and lived there alone for approximately one year.  In September 2014, Mother traveled to Michigan with Children.  Father lost his job in December 2014.  Around that time, Mother left for New York, where she works seasonally as a tax accountant.  Children remained with Father and attended school in Michigan.

Mother returned to Michigan in June 2015, and took Children back to Pennsylvania. A.P.O. returned to Michigan in August 2015, using an airline ticket he received from Father. Mother filed a custody complaint on October 27, 2015. Following custody hearings, the court entered an order on March 17, 2016,[1] which granted Mother sole legal custody and primary physical custody of Children. On April 25, 2016, Father filed a *pro se* notice of appeal and concise statement per Pa.R.A.P. 1925(a)(2)(i).

"Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "The prothonotary shall immediately give written notice of the entry of any…order or judgment to each party's attorney of record or, if unrepresented, to each party." Pa.R.C.P. 236(a)(2). **See also Frazier v. City of Philadelphia**, 557 Pa. 618, 621, 735 A.2d 113, 115 (1999) (stating appeal period is not triggered until order is entered on docket with required notation that appropriate notice was sent to parties). "[A]ppellate courts cannot extend the time for filing an appeal." **In re Adoption of W.R.**, 823 A.2d 1013, 1015 (Pa.Super. 2003). This Court may raise the matter *sua sponte*, as the issue implicates this Court's jurisdiction. **Id.** Absent extraordinary circumstances such as fraud or some breakdown in the

---

[1] Notice of the order, pursuant to Pa.R.C.P. 236, was served on the parties on March 18, 2016, and the notice was docketed on March 21, 2016.

processes of the court, this Court has no jurisdiction to entertain an untimely appeal. ***Commonwealth v. Patterson***, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).

Instantly, the court entered a final custody order on March 17, 2016. On March 18, 2016, the prothonotary mailed Rule 236 notice of the order to both parties, who were unrepresented at that time. The Rule 236 notice was docketed on March 21, 2016. Thus, Father had at the latest until Wednesday, April 20, 2016, to file a notice of appeal. ***See*** Pa.R.A.P. 903(a); ***Frazier, supra***. Although Father dated his notice of appeal "April 16, 2016," he did not file it until April 25, 2016, as reflected by the time stamp on the document and the relevant docket entry. That time-stamp date and date of docket entry control. ***See*** Pa.R.A.P. 905(a)(3) (stating: "Upon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket"); Pa.R.A.P. 121 (deferring to Rule 903 as governing time to file notice of appeal). Therefore, Father's notice of appeal was patently untimely. Further, the record contains no evidence of extraordinary circumstances such as a court holiday/closing or breakdown in the operations of the court, which might have served to excuse Father's untimely filing. Thus, this Court lacks jurisdiction over Father's appeal, and we dismiss it as untimely.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/1/2016