J-S42001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN GIBSON | |
| Appellant | No. 2101 MDA 2016 |

Appeal from the Judgment of Sentence May 26, 2016
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000099-2015

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 20, 2017**

Appellant, John Gibson, appeals, *pro se*, from his judgment of sentence entered May 26, 2016, as made final by the entry of a November 16, 2016 order that denied his post-sentence motions by operation of law. We remand with instructions.

The record reveals the following facts.  On March 4, 2016, Appellant pled guilty to driving under the influence—highest rate of alcohol[1] ("DUI-highest rate") and driving with blood alcohol concentration ("BAC") of .02 or greater while license is suspended.[2]  On May 26, 2016, the trial court sentenced Appellant to 30 to 60 months' imprisonment on the DUI-highest

---

[1] 75 Pa. C.S.A. § 3804(c).

[2] 75 Pa. C.S.A. § 1543(b)(1.1)(i).

rate charge, together with a consecutive term of 90 days' imprisonment for the license suspension charge. Appellant filed a timely post-sentence motion on June 2, 2016.[3] On August 16, 2016, Appellant filed a supplemental post-sentence motion in the nature of a motion in arrest of judgment. In that motion, counsel alleged that the decision of the United States Supreme Court in **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016) cast doubt on Appellant's DUI-highest rate conviction. Pursuant to Pa.R.Crim.P. 720(B)(3)(b), counsel also requested a 30-day extension of time in which to decide Appellant's post-sentence motions. The trial court granted the motion for extension of time on August 17, 2016 and, ultimately, Appellant's post-sentence motions were denied by operation of law on October 31, 2016. **See** Pa.R.Crim.P. 720(B)(3)(b). The clerk of courts, however, did not enter the order denying Appellant's post-sentence motions until November 16, 2016, at which time the clerk forwarded notice of the court's denial of Appellant's motions to trial counsel.

On December 6, 2016, trial counsel filed a motion seeking leave to withdraw, appointment of new counsel for Appellant, and reinstatement of Appellant's direct appellate rights.[4] Trial counsel's submission also included

_____

[3] In his counseled post-sentence motion, Appellant challenged the discretionary aspects of his sentence on grounds that the punishment was excessive.

[4] Appellant's time to file an appeal had not yet run on December 6, 2016. Further discussion of the timeliness issue follows *infra*.

an application for leave to allow Appellant to proceed *in forma pauperis*. On December 14, 2016, Appellant filed a *pro se* motion (captioned as a motion for withdrawal of counsel) seeking the appointment of a new attorney and leave to proceed *in forma pauperis*.[5]

Appellant filed a *pro se* notice of appeal dated December 15, 2016. The envelope attached to Appellant's notice bore a post-mark indicating that prison officials and/or postal authorities received the mailing on December 16, 2016. The clerk of courts docketed the notice of appeal on December 19, 2016.[6]

On January 3, 2017, the trial court, pursuant to Pa.R.A.P. 1925(b), ordered Appellant's counsel[7] to file a concise statement of errors complained of on appeal ("concise statement") within 21 days. In response, both

_____

[5] Appellant's motion cited Pa.R.Crim.P. 122 in support of his request for the appointment of new counsel. Appellant's Motion, 12/14/16, at 1. In relevant part, the rule states: "a motion for change of counsel by a defendant to whom counsel has been assigned shall not be granted except for substantial reasons." Pa.R.Crim.P. 122(C). Appellant's reliance on Rule 122 is misplaced since he employed the services of privately retained counsel, not appointed counsel, before the trial court. As we shall discuss, however, the significance of Appellant's reference to Rule 122 is that he sought representation when he filed the December 14, 2016 motion and that he did not seek to proceed *pro se* at that time.

[6] A handwritten notation at the bottom of Appellant's notice of appeal indicates that the filing was forwarded to trial counsel and this Court on December 21, 2016.

[7] The docket indicates that the court forwarded its order only to Appellant's counsel.

Appellant and trial counsel filed concise statements. Counsel filed his concise statement on January 23, 2017 and Appellant filed a separate concise statement docketed on January 27, 2017.[8] The concise statements from Appellant and his counsel are dated January 23, 2017 and contain verifications that the information contained therein is true and correct. On February 6, 2017, the trial court issued an order allowing counsel to withdraw. In its Rule 1925(a) opinion filed on February 15, 2017, the trial court addressed the issues raised in Appellant's *pro se* concise statement. Appellant submitted a *pro se* brief to this Court to aid our resolution of the issues he raises on appeal.

Appellant presents three issues for our review.

I.   Has the sentencing court abused it[s] discretion by imposing sentences beyond the guidelines?

II.  Was Appel[l]ant[`]s plea knowing, intelligent and voluntary?[]

III. Has the trial court erroneously determined, that the U.S. Supreme Court ruling decided at the time Appellant[`]s post-sentence motions were pending was not applicable to his situation?[]

Appellant's Brief at 4.

We are unable to reach the merits of Appellant's claims, as this case presents a number of procedural concerns. First, questions exist as to the

_____

[8] A second copy of Appellant's concise statement was docketed on February 1, 2017.

timeliness of this appeal. It is undisputed that we may examine the timeliness of an appeal on our own motion since the issue relates to our jurisdiction to undertake appellate review. *See In re Adoption of W.R.*, 823 A.2d 1013, 1015 (Pa. Super. 2003). Our rules of criminal procedure make clear that, where a defendant files a timely post-sentence motion, he has 30 days from the entry of the order denying the motion by operation of law in which to file his notice of appeal. Pa.R.Crim.P. 720(A)(2)(b).

Here, Appellant's timely post-sentence and supplemental post-sentence motions were denied by operation of law on October 31, 2016. However, the clerk of courts failed to enter the order denying Appellant's post-sentence motions until November 16, 2016, when the clerk mailed notice of the order to trial counsel. This failure constitutes a breakdown in the processes of the court. *See Commonwealth v. Khalil*, 806 A.2d 415, 420 (Pa. Super. 2002). Therefore, Appellant had 30 days from the date the order was entered, *i.e.* November 16, 2016, in which to file a timely notice of appeal. *Id.*; Pa.R.Crim.P. 720 cmt. ("[w]hen a defendant files a timely post-sentence motion, the 30-day period for the defendant's direct appeal on all matters in that case … is triggered by … the denial of the motion by operation of law" and the appeal period runs from the date of entry of the order as established by Pa.R.A.P. 108); *see* Pa.R.A.P. 108(a)(1) ("in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be

the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties"); *see also* Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken). Therefore, Appellant needed to file his notice of appeal on or before December 16, 2016.

Appellant filed a *pro se* notice of appeal, which the clerk of courts docketed on December 19, 2016. On its face, the appeal appears to be untimely. As we stated above, however, Appellant dated the notice of appeal December 15, 2016 and the envelope attached to the notice bears a post-mark dated December 16, 2016.

At the time of filing, Appellant remained incarcerated. Under the prisoner mailbox rule, a notice of appeal filed by a prisoner acting *pro se* is considered filed on the date it is placed into the prison mail system. *Commonwealth v. Jones*, 700 A.2d 423, 425-426 (Pa. 1997). However, the prisoner mailbox rule generally applies only when a prisoner is unrepresented. *Id.* When Appellant filed his *pro se* notice of appeal, he still had counsel of record. Thus, while Appellant's notice of appeal may have been timely under the prisoner mailbox rule, it is unclear whether that rule can properly be applied given that counsel remained attached to the case.

Our prior cases offer some insight as to whether and how the prisoner mailbox rule can properly be applied within the context of this case. It is well-settled that hybrid representation is heavily disfavored in this

Commonwealth. *See Commonwealth v. Jette*, 23 A.3d 1032, 1036 (Pa. 2011). In fact, *pro se* filings submitted by counseled defendants are generally treated as legal nullities. *Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010), *citing Commonwealth v. Ellis*, 626 A.2d 1137, 1139, 1141 (Pa. 1993). On the other hand, this Court also recognized that a counseled defendant may act on his own behalf in order to protect important rights where counsel remains technically attached to the case but is no longer serving his client's interest. *See Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016) (Superior Court required to docket *pro se* notice of appeal filed by counseled litigant); *see also Commonwealth v. Leatherby*, 116 A.3d 73, 78-79 (Pa. Super. 2015) (where defendant was effectively abandoned by counsel and trial court failed to timely appoint new counsel, *pro se* post-sentence motion tolled appeal period and did not offend considerations of hybrid representation).

We are constrained to remand this case under the circumstances before us. Before the expiration of the appeal period, on December 6, 2016 and December 14, 2016, respectively, trial counsel and Appellant filed motions with the trial court seeking the discontinuation of counsel's involvement in this case, the appointment of new counsel, and leave to allow Appellant to proceed *in forma pauperis*. These filings suggest that Appellant intended to challenge his convictions and sentence on direct appeal and that he sought to do so with the assistance of new counsel. The submissions also

suggest that a breakdown in the relationship between counsel and Appellant was beginning to occur. The trial court, however, did not address the motions until February 6, 2017, nearly two months after they were filed, when it issued an order allowing counsel to withdraw but did not appoint counsel for purposes of appeal. On remand, the trial court shall determine whether counsel effectively abandoned Appellant following the denial of his post-sentence motions and, if so, whether Appellant filed a protective appeal that should be deemed timely under the prisoner mailbox rule.

In addition to the timeliness issue, a separate matter to be considered and resolved on remand raises issues of great importance. "The right to counsel in a criminal proceeding is a fundamental right guaranteed by the Sixth Amendment of the United States Constitution and Article One, Section Nine of the Pennsylvania Constitution." *Commonwealth v. McDonough*, 812 A.2d 504, 506 (Pa. 2002), *citing* *Faretta v. California*, 422 U.S. 806 (1975). An indigent defendant's right to counsel extends to proceedings before the trial court and to any direct appeal filed as of right. *Ross v. Moffitt*, 417 U.S. 600, 610 (1974). "A trial judge has a duty to protect a defendant's constitutional right to counsel." *McDonough*, 812 A.2d at 508; *Commonwealth v. Davido*, 868 A.2d 431, 437 (Pa. 2005). We have observed that the right to counsel can be waived only after a "penetrating and comprehensive" colloquy establishes that the defendant has knowingly, intelligently, and voluntarily relinquished his right to counsel. *See*

*Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."); *see also Commonwealth v. Clyburn*, 42 A.3d 296, 300-301 (Pa. Super. 2012).

As we stated above, both Appellant and trial counsel filed motions in early December 2016 seeking counsel's detachment from this case, the appointment of new counsel, and permission for Appellant to proceed *in forma pauperis*. Despite this, the trial court did not address these motions for nearly two months, when it granted counsel leave to withdraw without considering whether Appellant was entitled to the appointment of replacement counsel. Moreover, there is no transcript of a waiver-of-counsel colloquy in the certified record and Appellant has proceeded before this Court through the submission of a *pro se* brief.[9] Effectively, the trial court's actions have deprived Appellant of his right to counsel on direct appeal without the probing inquiry required by law and despite strong indications that Appellant desired representation. On remand, in addition to factual findings regarding the timeliness of this appeal and the applicability of the prisoner mailbox rule, the trial court shall determine, on-the-record, whether

---

[9] In addition, the trial court received concise statements from both trial counsel and Appellant, but elected to address only the issues raised in Appellant's *pro se* filing.

Appellant was entitled to the appointment of counsel and whether he knowingly and intelligently waived his right to an attorney. If Appellant is entitled to the appointment of counsel and he desires representation on appeal, then the trial court shall appoint counsel and direct the filing of a counseled concise statement and appellate brief. The trial court shall complete these inquiries within 45 days of the date on which our order is filed.

Case remanded. Jurisdiction retained.