J-S39001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL MALIK ALLAH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE KIRBY AND ALLSTATE | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Appellees | : | No. 3146 EDA 2018 |

Appeal from the Order Entered July 17, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  July Term 2018 No. 1200

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.E.:        **FILED SEPTEMBER 06, 2019**

Appellant, Michael Malik Allah, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted his petition to proceed *in forma pauperis* ("*IFP*") and dismissed his civil complaint against Appellees, George Kirby and Allstate Insurance Company, as frivolous pursuant to Pa.R.C.P. 240(j).  On July 12, 2018, Appellant filed a civil complaint against Appellees for injuries allegedly sustained in an automobile accident that occurred on June 19, 2016.  The trial court reviewed the complaint in conjunction with Appellant's *IFP* petition, but dismissed the action as frivolous by order entered on July 17, 2018, with notice given per Pa.R.C.P. 236, on July 18, 2018.  Appellant filed a notice of appeal dated October 16, 2018, and docketed on Monday, October 22, 2018.  The court did not order Appellant to file a concise statement of errors complained of on appeal per

_____

*   Former Justice specially assigned to the Superior Court.

Pa.R.A.P. 1925(b), and Appellant filed none.

Preliminarily, "Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "The prothonotary shall immediately give written notice of the entry of any…order or judgment to each party's attorney of record or, if unrepresented, to each party." Pa.R.C.P. 236(a)(2). *See also Frazier v. City of Philadelphia*, 557 Pa. 618, 621, 735 A.2d 113, 115 (1999) (stating appeal period is not triggered until order is entered on docket with required notation that appropriate notice was sent to parties). "[A]ppellate courts cannot extend the time for filing an appeal." *In re Adoption of W.R.*, 823 A.2d 1013, 1015 (Pa.Super. 2003). This Court may raise the timeliness of the appeal *sua sponte*, as it implicates this Court's jurisdiction. *Id.* Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Instead, the time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Valentine*, 928 A.2d 346 (Pa.Super. 2007). Absent extraordinary circumstances such as fraud or some breakdown in the processes of the court, this Court has no jurisdiction to entertain an untimely appeal. *Commonwealth v. Patterson*, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).

Instantly, Appellant filed a civil complaint on July 12, 2018, against

Appellees for injuries allegedly sustained on June 19, 2016.  The trial court reviewed the complaint in conjunction with an *IFP* petition, and dismissed the complaint as frivolous by order entered with notice given per Rule 236 on July 18, 2018.  A notice of appeal was technically due on or before Friday, August 17, 2018.  The trial court docket entries marked Appellant's notice of appeal filed on Monday, October 22, 2018, which is untimely on its face.[1]

On January 29, 2019, this Court issued a rule directing Appellant to show cause why his appeal should not be dismissed as untimely.  Appellant's response was due within ten days, on or before Friday, February 8, 2019.  This Court discharged the rule to show cause on April 4, 2019.  On April 22, 2019, Appellant replied to the rule, asserting the trial court's order was final and appealable.[2]  Appellant, however, failed to explain the delay in filing his notice of appeal, which was the principal inquiry in the rule to show cause.  Thus, Appellant's reply was untimely and not responsive.  Further, in Appellant's petition to proceed *IFP* on appeal, and on a copy of the trial court's dismissal order attached to the notice of appeal, Appellant wrote he did not receive the court's order dismissing his complaint until August 29, 2018.  Assuming for

---

[1] Appellant dated his notice of appeal October 16, 2018.  Even under the prisoner mailbox rule, the notice of appeal was untimely if deemed filed on October 16, 2018.

[2] There was no dispute in this case that the order acting on the petition to proceed *IFP* and dismissing the civil complaint as frivolous under Pa.R.C.P. 240(j) was a final, appealable order.  ***See Bell v. Mayview State Hosp.***, 853 A.2d 1058 (Pa.Super. 2004).

the sake of argument that his assertion is true, under the most generous interpretation of the applicable 30-day time limit, Appellant's notice of appeal would have been due on or about Friday, September 28, 2018. As a result, we conclude Appellant's notice of appeal filed in October 2018, was filed late. Accordingly, we dismiss the appeal as untimely.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/19