J-A19007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUANE C. ROBBINS | : | |
| | : | |
| Appellant | : | No. 2190 EDA 2020 |

Appeal from the Order Entered October 15, 2020
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-SA-0000057-2020

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED AUGUST 10, 2021**

Appellant, Duane C. Robbins, appeals from the Order dismissing his appeal from a conviction for a summary offense as untimely filed. After careful review, we conclude that Appellant's untimely appeal divested the trial court of jurisdiction over his appeal. We, therefore, we affirm.

On April 14, 2017, Pennsylvania State Police issued Appellant a traffic citation for Driving While Operating Privilege Suspended ("DUS").[1] The district court initially scheduled a trial for June 21, 2017, but continued Appellant's trial to July 26, 2017, at Appellant's request. Appellant failed to appear for the July 26, 2017 trial, prompting the district court to enter judgment against him.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(a). We note that in **Commonwealth v. Eid**, 249 A.3d 1030, 1038-44 (Pa. 2021), our Supreme Court found subsection (b)(1.1)(i) unconstitutionally vague. This ruling does not affect our disposition, as the court convicted Appellant under subsection (a).

The court sentenced Appellant to serve sixty days' incarceration, plus fines and costs.[2] Due to Appellant's absence, the court issued a bench warrant for his arrest.

Appellant evaded the authorities until July 2020. By Order dated July 9, 2020, the district court ordered Appellant's term of incarceration to begin on August 17, 2020. Appellant filed a Notice of Appeal from his July 26, 2017 conviction with the Court of Common Pleas on July 28, 2020.

On August 21, 2020, the Commonwealth filed a Motion to Dismiss Summary Appeal. It averred that Appellant filed his appeal beyond the thirty day appeal period and requested dismissal. Appellant did not respond to the Commonwealth's Motion.

On October 15, 2020, the Court of Common Pleas granted the Commonwealth's motion and dismissed Appellant's appeal.

Appellant filed a timely Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925. Appellant raises the following issues on appeal:

> [1. D]id the lower court err in dismissing the appeal from a district magistrate's judgment and sentence in summary conviction proceedings?
>
> [2. D]id the lower court err in failing to conduct a *de novo* review of the appeal from a district magistrate's summary judgment and sentence?

---

[2] Appellant had been convicted of DUS on at least five prior occasions. Section 6503 of the Vehicle Code requires that, for persons convicted of a sixth or subsequent DUS violation, the court "shall" sentence the defendant "to imprisonment for not less than 30 days but not more than six months." 75 Pa.C.S. § 6503(a.1).

Appellant's Br. at 4.

In essence, Appellant argues that the Court of Common Pleas should have conducted a trial *de novo* instead of dismissing his summary appeal as untimely. *Id.* at 10-17. He does not address jurisdictional defect caused by Appellant's filing his appeal to the Court of Common Pleas three years after the Magistrate convicted and sentenced Appellant.

Pennsylvania Rule of Criminal Procedure 460 "provide[s] the exclusive means of appealing from a summary guilty plea or conviction" and mandates that an appellant file an appeal from a summary conviction "within 30 days after the entry of the guilty plea, the conviction, or other final order from which the appeal is taken." Pa.R.Crim.P. 460(A), (E). "'Entry,' as used in this rule, means the date on which the issuing authority enters or records the guilty plea, the conviction, or other order in the district justice computer system." Pa.R.Crim.P. 460, cmt. When an appellant fails to timely file an appeal, he or she must petition the trial court for *nunc pro tunc* relief. ***Commonwealth v. Yohe***, 641 A.2d 1210, 1212 (Pa. Super. 1994).

Critically, the timeliness of an appeal relates to the court's jurisdiction to hear the case. ***In re Adoption of W.R.***, 823 A.2d 1013, 1015 (Pa. Super. 2003).

The trial court explains that it dismissed Appellant's appeal as untimely filed pursuant to Pa.R.Crim.P. 460. Trial Ct. Op., 1/11/21, at 1-3. It observes that the magistrate district court convicted Appellant of DUS on July 26, 2017, but Appellant filed his appeal over three years after the court entered

- 3 -

judgment against him. ***Id.*** As a result, "[Appellant] waived his right to a *de novo* hearing, because he did not meet the simple procedural requirements for filing his Notice of Appeal." ***Id.*** We agree.

Appellant had 30 days from the date of his conviction, July 26, 2017, to file a Notice of Appeal. He filed his Notice of Appeal on July 28, 2020, over three years after his conviction. He did not petition the court for *nunc pro tunc* relief. His appeal was, therefore, untimely and the trial court was without jurisdiction to entertain his appeal.

Order affirmed. Case stricken from argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2021