**In the Interest of M.S.K., Minor Child.**

**Appeal of: B.F.K., Natural Father, Appellant.**

Superior Court of Pennsylvania.

Argued July 26, 2007.

Filed Oct. 30, 2007.

---

Abigail J. Salawage, Chambersburg, for appellant.

Stanley J. Kerlin, McConnelsburg, for appellee.

Lynn Y. MacBride, Chambersburg, Guardian Ad Litem.

BEFORE: MUSMANNO, BOWES and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 Appellant Father appeals from the trial court order denying his petition for leave to appeal *nunc pro tunc* the order terminating his parental rights to his minor child. Father raises the following three issues for our review: (1) whether Father's court-appointed attorney is an officer of the court and whether his negligence in failing to file a timely appeal is a breakdown of the court's operations by default of a court officer, entitling Father to *nunc pro tunc* relief; (2) whether this Court's decision in *In re Adoption of W.R.*, 823 A.2d 1013 (Pa.Super.2003), incorrectly relied on the reasoning in *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156 (2001), when determining that an attorney's negligence for failure to file an appeal does not warrant *nunc pro tunc* relief, because this Court did not take into account the differing rights lost and the differing abilities to obtain other relief; and (3) whether a biological father should lose the right to appeal the termination of his parental rights when his court-appointed attorney missed the appeal deadline despite the fact that the father had clearly evidenced a desire to appeal the ruling and had done everything he knew of to appeal the termination of his parental rights.

¶ 2 In reviewing Father's claims, we are mindful that:

the standard of review applicable to the denial of an appeal *nunc pro tunc* is "whether the trial court abused its discretion." An abuse of discretion is not merely an error of judgment but is found where the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record."

*Freeman v. Bonner*, 761 A.2d 1193, 1194–95 (Pa.Super.2000) (internal citations omitted).

¶ 3 On August 21, 2006, the trial court entered an order terminating the parental rights of Father to his minor child.[1] The order was entered following a two-day hearing during which Father was represented by court-appointed counsel. After the entry of the order, Father, through his counsel, filed a motion for post-trial relief which was subsequently denied by the trial court. No appeal was filed. The trial court then rescinded the appointment of Father's court-appointed counsel and appointed new counsel for Father for the

---

* Retired Senior Judge assigned to the Superior Court.

1. The order also terminated the parental rights of Mother to the minor child. However, Mother is not involved in this appeal.

purpose of a request for appellate review of the order terminating Father's parental rights. Thereafter, Father's new appointed counsel filed a petition for leave to appeal the order terminating Father's parental rights *nunc pro tunc* which the trial court denied. The trial court denied Father's petition for leave to appeal *nunc pro tunc* based on this Court's decision in *In re Adoption of W.R.*, 823 A.2d 1013 (Pa.Super.2003), and its reliance on *Criss v. Wise* 566 Pa. 437, 781 A.2d 1156 (2001). Father's timely appeal followed.

■ ¶ 4 All three of Father's issues on appeal relate to his argument that this Court should overrule the decision in *In re Adoption of W.R.* and reverse the trial court's decision denying Father's petition for leave to appeal *nunc pro tunc* the order terminating his parental rights to his minor child because his court-appointed attorney failed to file a timely appeal with this Court. As such, we will address these claims together.

¶ 5 In *In re Adoption of W.R.*, following entry of an order terminating the mother's parental rights, the mother filed exceptions to the order instead of timely filing a notice of appeal within thirty days after the entry of the order terminating her parental rights. The court denied the mother's exceptions. The mother filed a petition for allowance of appeal *nunc pro tunc* in which she asserted that counsel did not receive a copy of the order denying the mother's exceptions until several months after it was entered. The orphan's court granted the mother's petition and the mother appealed the termination of her parental rights *nunc pro tunc*. The court in *In re Adoption of W.R.*, in determining that it lacked jurisdiction to consider the mother's untimely appeal, stated:

> Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge. More is required before such an

appeal will be permitted than the mere hardship imposed upon the appellant if the request is denied. As a general matter, a Trial Court may grant an appeal *nunc pro tunc* when a delay in filing [an appeal] is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers. Where an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*. *McKeown v. Bailey*, 1999 PA Super 135, 731 A.2d 628, 630 (Pa.Super.1999) (citations omitted).
> Our Supreme Court has made it clear that the circumstances occasioning the failure to file an appeal must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances. *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156 (2001).

*In re Adoption of W.R.*, 823 A.2d at 1015–16.

¶ 6 We find *In re Adoption of W.R.* to be controlling in the instant case and its reasoning applicable to the denial of Father's claims. Here, the parties conceded and the trial court agreed that Father's counsel was negligent in failing to file a timely appeal on Father's behalf.

¶ 7 Father argues that he is entitled to *nunc pro tunc* relief because his court-appointed counsel is an officer of the court and, therefore, his counsel's negligence in failing to file an appeal is a breakdown of the court's operations by default of a court officer. Father cites to no caselaw to support this proposition. Instead, Father

again asks this Court to ignore established precedent. *See Criss*, 781 A.2d at 1159 (stating that in addition to the occurrence of fraud or a breakdown in the court's operations, *nunc pro tunc* relief may also be granted "where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of **non-negligent** circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.") (emphasis added). Our caselaw has specifically held that *nunc pro tunc* relief will not be granted due to counsel's negligence.[2]

¶ 8 Father further argues that *In re Adoption of W.R.* relies upon the reasoning and policy in *Criss*, which involved the loss of property rights, and erroneously applies it in the context of the loss of parental rights. However, the distinction that Father wants this Court to make has not been made in this jurisdiction. In fact, our Supreme Court in *Criss*, cited in its opinion the case of *In re Interest of C.K.*, 369 Pa.Super. 445, 535 A.2d 634 (1987), in which an appeal *nunc pro tunc* by natural parents from an order terminating parental rights was denied where the failure to timely appeal the termination order was due to counsel's negligence. Thus, we are not persuaded by Father's argument that the *In re Adoption of W.R.* court, in rendering its decision, failed to take into account the difference between refusing to allow *nunc pro tunc* appeals due to a counsel's negligence in missing an appeal deadline in cases involving property rights and those involving the termination of parental rights.

¶ 9 Regardless of whether our Supreme Court in *Criss* intended its holding to be applied to termination of parental rights cases, as we have already stated, we are bound to apply the holding set forth in *In re Adoption of W.R.*, that an attorney's negligence for failure to file an appeal does not warrant *nunc pro tunc* relief. Therefore, we find the trial court's reliance on this case in denying Father's petition to be proper and, therefore, find no abuse of discretion by the trial court. *See Moses v. T.N.T. Red Star Express*, 725 A.2d 792, 801 (Pa.Super.1999) (stating that the Pennsylvania Superior Court, "being an error correcting court, will affirm trial court decisions which are in accord with principles of law adopted by prior appellate court decisions.").

¶ 10 Order affirmed.

---

**2.** Father cites to *Commonwealth v. Braykovich*, 444 Pa.Super. 397, 664 A.2d 133, 138 (1995), wherein this Court acknowledged that our Supreme Court in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), set forth an exception for the allowance of an appeal *nunc pro tunc* where an attorney's non-negligence caused the failure to file a timely appeal. The *Bass* court, in rendering its decision, stated that it was unable to conclude that the office of attorney is to be equated for all purposes with the term court officer, but found that it would excuse the failure to file a timely appeal at least in those circumstances involving the non-negligent failure to file an appeal. *Bass*, 401 A.2d at 1135. In these cases, the non-negligence of counsel in the failure to file the timely appeal was the reason that the late filing was excused.