J-S55016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: E.W.H., JR., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: E.W.H., SR., FATHER | : : : : : : : : | |
| | : | No. 1073 EDA 2018 |

Appeal from the Order March 23, 2018
In the Court of Common Pleas of Philadelphia County
Family Court at No:  CP-51-DP-0002272-2015

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 13, 2018**

E.W.H., Sr., ("Father") appeals from the order entered on March 23, 2018, in the Court of Common Pleas of Philadelphia County, denying his request, filed *pro se*, to appeal *nunc pro tunc* from the decree involuntarily terminating his parental rights.  In addition, Father's counsel has filed a petition to withdraw and an ***Anders***[1] brief.  Upon review, we affirm the order and grant counsel's petition to withdraw.

The certified record reveals that the trial court involuntarily terminated Father's parental rights to his son, E.W.H., Jr.,[2] by decree entered on August 25, 2017.  On September 1, 2017, Father, then incarcerated in the

---

[1] ***Anders v. California***, 386 U.S. 738 (1967).

[2] E.W.H., Jr., was born in February 2013.

Montgomery County Correctional Facility and acting *pro se*, filed a notice of appeal ("prior appeal").[3, 4]  Father failed to file a concise statement of errors complained of on appeal along with the notice of appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).  On September 12, 2017, this Court issued an order directing Father to file a concise statement in accordance with the relevant requirements of Rule 1925 no later than September 22, 2017.  Father failed to comply.  As such, on September 29, 2017, this Court dismissed *sua sponte* Father's prior appeal.

Thereafter, on October 5, 2017, Attorney Weil filed a motion for reconsideration of the September 29, 2017 order, along with a concise statement of errors complained of on appeal.  This Court denied the motion by order issued on October 25, 2017.  Further, in that order, we directed Attorney Weil to file with the trial court, no later than November 1, 2017, a petition to appeal *nunc pro tunc*.  Attorney Weil did not file a petition seeking *nunc pro tunc* relief.

On March 22, 2018, Father, who was still incarcerated in the Montgomery County Correctional Facility, filed *pro se* in the trial court a motion for permission to appeal *nunc pro tunc*.  The trial court denied his

_____

[3] Despite filing the notice of appeal *pro se*, Father was represented during the involuntary termination proceeding by court-appointed counsel, Joshua A. Weil, Esquire.  Attorney Weil remained his counsel during the prior appeal.

[4] This Court docketed Father's prior appeal at 2841 EDA 2017.

motion by order dated and entered on March 23, 2018.[5]   Father timely filed *pro se* a notice of appeal on April 9, 2018.

Thereafter, by order dated April 12, 2018, the trial court appointed Mario D'Adamo, III, Esquire, to represent Father in the subject appeal.   By order dated April 13, 2018, the trial court directed Father and Attorney D'Adamo to file a concise statement of errors complained of on appeal within twenty-one days.   On May 1, 2018, Father filed *pro se* a concise statement.   The trial court filed an opinion pursuant to Rule 1925(a) on June 13, 2018.

On May 22, 2018, this Court directed Attorney D'Adamo to file an amended concise statement of errors complained of on appeal in accordance with the relevant requirements of Rule 1925 no later than June 1, 2018.   In response, on June 1, 2018, Attorney D'Adamo filed with this Court Father's foregoing concise statement and an "addendum," wherein he stated that, upon review of the trial court record, "there is no basis for this appeal" and, therefore, "no errors to certify."[6]   Addendum, 6/1/18, at ¶ 2-3; Trial Court Opinion, 6/13/18, at 3, n. 4.

---

[5] On March 29, 2018, Father filed in the Pennsylvania Supreme Court a "petition for leave to file petition for allowance of appeal *nunc pro tunc*," which the Court denied by order dated May 10, 2018.   **See** Trial Court Opinion, 6/13/18, at 2, n. 3.   The record does not indicate if Father filed the aforesaid petition *pro se*, but we presume that he did.

[6] Because Attorney D'Adamo filed an **Anders** brief in this case, we deem his addendum as a statement pursuant to Rule 1925(c)(4), which provides, in part, "counsel may file of record and serve on the judge a statement of intent to file an **Anders/McClendon** brief in lieu of filing a Statement."   Pa.R.A.P.

On July 17 and 18, 2018, Attorney D'Adamo filed a petition to withdraw as counsel and an **Anders** brief, respectively, which we address initially. **See Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) ("'When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.'") (citation omitted).[7] To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).

With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the

---

1925(c)(4). **See In re J.T.**, 983 A.2d 771, 774 (Pa. Super. 2009) (holding that decision of counsel to follow Pa.R.A.P. 1925(c)(4) procedure in a termination of parental rights case was proper).

[7] This Court extended the **Anders** procedure to appeals from decrees involuntarily terminating parental rights in **In re V.E.**, 611 A.2d 1267 (Pa. Super. 1992). Because the underlying order in this case dismissed Father's appeal from the decree involuntarily terminating his parental rights, we conclude that **V.E.** is applicable.

letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

Additionally, an ***Anders*** brief must comply with the following requirements:

(1)  provide a summary of the procedural history and facts, with citations to the record;

(2)  refer to anything in the record that counsel believes arguably supports the appeal;

(3)  set forth counsel's conclusion that the appeal is frivolous; and

(4)  state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  This Court has concluded that substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa. Super. 2007).

We have further explained, "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*).

Instantly, our review confirms that Attorney D'Adamo has substantially complied with the requirements for withdrawal outlined in ***Anders***, ***supra***, and its progeny.  Counsel has filed a petition to withdraw and an ***Anders*** brief

pursuant to **Santiago**, **supra**. We recognize that the petition to withdraw contains no specific averments, but simply references the **Anders** brief. In the **Anders** brief, Attorney D'Adamo details his review of the record and sets forth his conclusion that the appeal is meritless. While counsel does not expressly use the **Anders** language of "making a conscientious examination of the record," his averment regarding his review substantially complies with **Anders**. **See Commonwealth v. Woods**, 939 A.2d 896, 899 (Pa. Super. 2007) (concluding that counsel complied with the **Anders** requirements where counsel indicated he "made a thorough review of Appellant's case."). Moreover, the petition for leave to withdraw demonstrates that counsel has complied with the notice requirements for withdrawal by serving Father with a copy of the petition and **Anders** brief, and advising him by letter of his rights to retain new counsel or proceed *pro se*. Therefore, we will proceed to make an independent review of the record to determine whether the appeal is wholly frivolous.

We review an order denying an appeal *nunc pro tunc* pursuant to an abuse of discretion standard. **In the Interest of M.S.K.**, 936 A.2d 103, 104 (Pa. Super. 2007). "An abuse of discretion is not merely an error of judgment but is found where the law is 'overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.'" **Id.** (citation omitted).

With respect to requests for *nunc pro tunc* relief, we have explained as follows.

> Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge. . . . As a general matter, a Trial Court may grant an appeal *nunc pro tunc* when a delay in filing . . . is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers. Where an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.
>
> Our Supreme Court has made it clear that the circumstances occasioning the failure to file an appeal must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances.

**M.S.K.**, 936 A.2d at 105 (citations omitted); **see also Towey v. Lebow**, 980 A.2d 142, 144 (Pa. Super. 2009) (quoting **Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001)) (stating, in allowing an appeal *nunc pro tunc*, the appellant must prove: "(1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.")).

In this case, the trial court explained its denial of Father's request for *nunc pro tunc* relief as follows.

> Father attempted to communicate with the trial [court's] chambers ex-parte on multiple occasions. Each time, the judge's law clerk wrote back to Father, in jail, informing Father to contact . . . [A]ttorney [Weil,] with the latest letter [from chambers to

Father] dated August 29, 2017. Father was represented by the same attorney, [Attorney Weil], throughout the underlying case since August 24, 2015, well before Father was incarcerated. Father has been in jail at the same location, Montgomery County Correctional Facility[,] since on or about April 2016. Thus, Father was well aware who his attorney was. Additionally, all correspondence from the Family Court Clerk's Office has been mailed to Father at his jail, since Father has executed numerous filing[s] Pro-Se with the Clerk's Office. Being that Father is represented by an attorney, it is Father's duty and obligation to maintain communication and contact with his own attorney. Furthermore, since Father was receiving all correspondence in jail, he was aware of all its contents and deadlines. Consequently, it was Father's own actions, or lack thereof, that caused his own untimeliness to comply with the rules of court and court orders. Based on reviewing the record, including all filing[s] made by Father Pro-Se and filings from his attorneys, the trial court finds no breakdown of court operations or fraud on the part of any court personnel.

Father and [Attorney Weil] were given an opportunity to cure the defective Notice of Appeal but failed to file a Statement of Errors by the date ordered by [the] Superior Court. [Attorney Weil] ultimately filed an untimely Statement of Errors almost two weeks after the date ordered by [the] Superior Court and six days after [the] Superior Court had already dismissed the [appeal]. . . .

Trial Court Opinion, 6/13/18, at 4-5 (citation to record omitted). Upon review, the record supports the trial court's findings. In short, it was due to the negligence of Father and Attorney Weil that the defective notice of appeal was not cured in the prior appeal. There is no evidence of fraud or a breakdown in the court's operation through a default of its officers.

Furthermore, Attorney Weil failed to file a petition for permission to appeal *nunc pro tunc* by November 1, 2017, pursuant to this Court's October 25, 2017 order, *supra*. Rather, Father filed *pro se* a motion for *nunc pro tunc*

relief nearly five months later, on March 22, 2018. Thus, Father did not timely file his motion.

In addition, we agree with the trial court that Father's untimeliness "would be very prejudic[ial]" to E.W.H., Jr., the five-year-old child in the underlying matter, "since he is in a pre-adoptive home" with his paternal grandmother, and he has "the right to have proper parenting and fulfillment of his . . . potential in a permanent, healthy, safe environment." *Id.* at 5; *In re B., N.M.*, 856 A.2d 847, 856 (Pa. Super. 2004) (citation omitted). Therefore, our independent review of the record reflects that Father failed to meet his burden of proof, and there are no non-frivolous claims that might arguably support his appeal. Accordingly, we affirm the order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/18