J-S56002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: Z.J.A.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: L.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 806 EDA 2019 |

Appeal from the Order Dated February 19, 2019
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-AP-0000792-2018

| | | |
|---|---|---|
| IN THE INTEREST OF: Z.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: L.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 807 EDA 2019 |

Appeal from the Order Dated February 19, 2019
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-DP-0000297-2017,
FID: 51-FN-000287-2017

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED JANUARY 23, 2020**

L.B. ("Mother") appeals from the order denying her petition to file appeals *nunc pro tunc* from the order changing the goal to adoption and terminating her parental rights for her child, Z.J.A.B. ("Child").  Mother contends the dependency court erred in concluding that there were no non-negligent reasons for the late filing. We affirm.

The underlying facts of the case are not relevant to our disposition here. What is important, and undisputed, is that on December 11, 2018, the dependency court entered an order changing Child's permanency goal to adoption and a decree terminating Mother's parental rights to Child. Under Pa.R.A.P. 903(a), Mother had until January 10, 2019, to timely appeal the order and decree.

Mother's counsel testified, and the dependency court accepted as true, that he attempted to PACFile the notices of appeal on January 9, 2019. However, he was denied access to the case on PACFile. He tried again on January 10, 2019, but was only able to register his notice of appearance; he was unable to PACFile his notices of appeal. On January 11, he attempted to hand file the notices with the court. His filings were denied as untimely.

Counsel subsequently filed a petition for permission to file the appeals *nunc pro tunc*. After a hearing, the dependency court denied the petition. This timely appeal followed.

We review the denial of permission to file an appeal *nunc pro tunc* to determine whether the dependency court abused its discretion. **See In re M.S.K.**, 936 A.2d 103, 104 (Pa. Super. 2007). An abuse of discretion requires more than a mere error of judgment. **See id**. Rather, an abuse of discretion only occurs when (a) the law is misapplied; (b) the judgment is manifestly unreasonable; or (c) the judgment is the result of partiality, prejudice, bias or ill will. **See id**.

Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the trial court. *See id*., at 105 (citation omitted). However, a trial court may not grant *nunc pro tunc* relief where the failure to timely file the appeal is due to counsel's negligence or counsel's failure to anticipate foreseeable circumstances. *See id*. Most importantly, in cases not involving a breakdown in court operations, the petitioner must establish that no other party is prejudiced by the delay. *See id*.

Here, Mother's counsel concedes that the PACFile system was working as intended at all relevant times. *See* Appellant's Brief, at 8. The PACFile system's rejection of counsel's filings occurred due to a system policy that had been implemented in 2016. *See id*.; *see also* Trial Court Opinion, 6/7/19, at 4.

The dependency court found that once counsel encountered a problem with the PACFile system on January 9, 2019, it was counsel's responsibility to ensure a response would be timely filed the next day. *See* Trial Court Opinion, 6/7/19, at 4. This responsibility included making provisions for hand-filing the notices of appeal if the problem persisted. *See id*. Under these circumstances, the court concluded that there was no breakdown in court operations. *See id*., at 5. Furthermore the court found that there were no non-negligent reasons for the late filing. *See id*.

Mother's counsel argues that the failure to grant *nunc pro tunc* relief effectively denies Mother of her right to counsel. He compares this denial to

criminal cases where counsel failed to file a requested appeal. He correctly observes that in such situations, appellate courts have remanded the case for an examination of whether the defendant's constitutional rights were violated by the failure to file an appeal.

However, we are bound by the decision in **M.S.K.** There, this Court found that even in cases involving the termination of parental rights, a court may not grant *nunc pro tunc* relief unless the petitioner can establish a breakdown in court operations or non-negligent reasons for the late filing. **See M.S.K.**, 936 A.2d at 106. As a three-judge panel, we are bound by this prior precedent. **See Commonwealth v. Brigidi**, 6 A.3d 995, 1001 (Pa. Super. 2010).

Furthermore, we note that Mother has not established that the delay involved in the case would not prejudice Z.J.A.B., who has the right to permanency and stability that is being denied so long as this litigation continues. **See In re Adoption of R.J.S.**, 901 A.2d 502, 507 (Pa. Super. 2006). Accordingly, we affirm the order denying *nunc pro tunc* relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/23/20</u>

- 4 -