J-S05021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: E.M.L., A MINOR 2018-0051 IN RE: ADOPTION OF: M.M.L., A MINOR 2018-0052 IN RE: ADOPTION OF: N.A.C., A MINOR 2018-0053 | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.L. | : : : | No. 1676 MDA 2019 |

Appeal from the Order Entered September 6, 2019,
in the Court of Common Pleas of York County,
Orphans' Court at No(s): 2018-0051,
2018-0052, 2018-0053.

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: MARCH 30, 2020**

J.L. ("Father") appeals from the September 6, 2019 order denying his request to reinstate his appellate rights *nunc pro tunc*, which would have allowed him to challenge the November 2018 decrees terminating his parental rights to three children: E.M.L, M.M.L., and N.A.C. Upon review, we quash the appeal.

We glean from the record the following relevant factual and procedural history: Following a hearing on petitions filed by the York County Office of Children, Youth and Families, where Father was represented by counsel, the orphans' court involuntarily terminated Father's parental rights by decree on November 2, 2018. Father was given notice of the entry of these decrees pursuant to Pennsylvania Orphans' Court Rule 4.6, but he did not file an appeal.

On September 6, 2019, ten months after the termination of his parental rights, Father filed, *pro se*, a "Petition to Reinstate Appeal Rights *Nunc Pro Tunc*." The trial court denied Father's request without, as Father highlights, holding an evidentiary hearing. Father appealed.

He presents one issue:

> Did the trial court err when it entered an Order denying Appellant's petition to reinstate his appeal rights *nunc pro tunc*?

Father's Brief at 4.

Before we may reach the merits of Father's issue, we must address Father's noncompliance with our Rules of Appellate Procedure. On October 11, 2019, Father filed, *pro se*, a notice of appeal, 35 days after the court denied his request. Not only was his notice beyond thirty-day appeal period, Father's notice of appeal did not include a contemporaneously-filed concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(a)(2)(i) (directing that the "concise statement of errors complained of on appeal shall be filed and served with the notice of appeal" in children's fast track matters). This Court entered an order on October 25, 2019, directing Father's counsel to file the concise statement with this Court and the trial court by November 4, 2019. However, counsel waited until November 5, 2019 to submit the statement to this Court; counsel did not submit the statement to the trial court until November 6, 2019 (though counsel explained that the trial court was closed on November 5 for Election Day).

We conclude that these procedural errors alone do not derail Father's appeal. First, we note that Father is incarcerated. This Court received a *pro se* letter from Father on November 5, 2019, indicating that he delivered his notice of appeal to the prison authorities on October 4, 2019. Appellant included a prison cash slip with his letter, which appears to support his assertion. The envelope that contained Father's notice of appeal includes a postmark indicating a date of October 8, only one day after the thirty-day appeal period expired. Thus, Father's appeal from the trial court's denial of his *nunc pro tunc* request appears timely pursuant to the mailbox rule as stated in Pa.R.A.P. 121(a).

Second, we address Father's initial failure to file a contemporaneous concise statement and the apparent failure to timely remedy this mistake. Appellant included a *pro se* concise statement with his *pro se* docketing statement filed on November 1, 2019, which is before our imposed November 4, 2019 deadline. Moreover, to the extent that Father's delay impeded the trial court's ability to author a Rule 1925(a) opinion, we acknowledge that the trial court issued two separate opinions, neither of which addressed the merits of its denial. As we will become apparent below, this does not impede our review.

However, Father committed another error, which proves fatal even if we overlooked the aforementioned mistakes. Father filed, albeit *pro se*, only one notice of appeal from the order denying his petition at three different trial court docket numbers. Subsequently, Father's counsel also filed a singular

notice of appeal in this Court, also referencing three different trial court docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) and its Note require the filing of separate notices of appeal when a single order resolves issues arising at multiple trial court docket numbers. The Supreme Court of Pennsylvania has confirmed, prospective to its decision filed on June 1, 2018, that quashal must result if an appellant fails to comply with Rule 341 and its Note. ***See Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). On November 19, 2018, this Court directed Father to show cause why this appeal should not be quashed in light of ***Walker***. Father did not file a response.

Procedurally, we are bound by ***Walker***, and we are constrained to quash Father's appeal. Importantly, we note that even if we did not quash Father's appeal, his challenge to the court's denial of his *nunc pro tunc* request lacks merit.

Father's Brief accurately states both our abuse of discretion standard, as well as the criteria by which *nunc pro tunc* relief may be granted. ***See*** Father's Brief at 7; ***see also Criss v. Wise***, 781 A.2d 1156, 1159 (Pa. Super. 2001) (stating that in addition to the occurrence of fraud or a breakdown in the court's operations, *nunc pro tunc* relief may also be granted "where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.").

However, Father does not acknowledge that our case law has specifically held that *nunc pro tunc* relief will not be granted due to counsel's negligence. *In re M.S.K.*, 936 A.2d 103, 106 (Pa. Super. 2007) (footnote omitted). Father states in his Petition to Reinstate Appeal Rights *Nunc Pro Tunc*, "the counsel for [F]ather…was informed during the end of the proceedings that appeals are an option and a requested by [F]ather [*sic*]." The inference is that either counsel failed to inform him of his right to appeal the termination decrees, or, that Father did, in fact, inform counsel he wished to appeal, but that counsel failed to do so.[1] Neither of these scenarios qualifies as a breakdown in the court's operations; they are, instead, instances of counsel's negligence, which does not warrant *nunc pro tunc* relief. *See M.S.K.*, 936 A.2d at 105 ("Our Supreme Court has made it clear that the circumstances occasioning the failure to file an appeal must not stem from counsel's negligence or from failure to anticipate foreseeable circumstances." (citations omitted)). Thus, it was not necessary for the court to hold a hearing on Father's petition, because no relief was due.

_____

[1] The record appears to suggest the latter scenario. We note that Father's counsel for the purposes of this appeal is the same individual who represented him during the termination hearing. We note further that on July 30, 2019 – prior to Father's petition to reinstate his appellate rights *nunc pro tunc* – Father filed, *pro se*, a motion for ineffective assistance of counsel, alleging that "counsel did not file a[n] appeal with[in] ample time given [*sic*]." He also alleged that he had not heard from counsel for approximately seven months. The trial court denied Father's motion. Father then filed, *pro se*, the instant petition.

In sum, we quash Father's appeal for noncompliance with Pa.R.A.P. 341 as contemplated by **Walker**, **supra**. However, even if we did not quash Father's appeal, we would have concluded that the trial court did not err when it failed to schedule a hearing on Father's petition to reinstate his appellate rights *nunc pro tunc*.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/30/2020