J-A22008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS M. SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER W. BARTO | : | No. 240 MDA 2020 |

Appeal from the Judgment Entered February 3, 2020
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  CV-2018-0001541-QT

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED NOVEMBER 16, 2020**

Thomas M. Smith (Appellant) appeals from the judgment entered in favor of Christopher W. Barto (Barto), following the trial court's determination that Appellant failed to establish the existence of an easement on Barto's property.  After careful consideration, we affirm.

This case arises from a property dispute involving Appellant's claim that he possesses an easement over a 208-square-foot portion of Barto's property. The trial court conducted a two-day, non-jury trial in June 2019.  On August 9, 2019, the court issued its verdict and memorandum opinion finding that Appellant failed to establish an easement by either prescription or necessity.

On August 15, 2019, Appellant filed a post-verdict motion.  The court convened a hearing on December 9, 2019, and on January 15, 2020, denied Appellant's motion.  On February 3, 2020, Barto filed a praecipe to enter

judgment, and judgment was entered the same day. On February 5, 2020, Appellant filed this appeal.[1]

On February 6, 2020, the trial court ordered Appellant to file a concise statement of errors complained of on appeal within 21 days, as prescribed by Pa.R.A.P. 1925(b)(3). Although the order specified "[a]ny issue not properly included in the statement shall be deemed *waived*," Appellant did not timely comply. Order, 2/6/20 (italics in original).

On March 12, 2020, Barto filed with this Court an application to quash appeal for failure to timely file a concise statement. On March 13, 2020, Appellant filed with the trial court an application to file a concise statement *nunc pro tunc*, to which he attached a concise statement. Appellant also filed in this Court an answer to Barto's application to quash, stating that he had applied for *nunc pro tunc* acceptance of the statement with the trial court. Response, 3/13/20.

---

[1] This Court has held that "[a]n appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." ***Sereda v. Ctr. City Acquisitions, LLC***, 222 A.3d 1161, 1164 (Pa. Super. 2019) (citation omitted). While Appellant purports to appeal from the trial court's denial of his post-verdict motion, Barto subsequently filed a praecipe for the entry of judgment. The docket shows that judgment was entered on February 3, 2020. This Court has recognized that "[t]here are some instances wherein a party has failed to enter judgment [due to oversight] and our appellate courts may regard as done that which ought to have been done." ***Id.*** at 1164 n.1. Accordingly, we deem this appeal to be taken from the February 3, 2020 judgment, and have amended the caption accordingly.

The trial court issued an order on March 24, 2020, accepting the concise statement as timely. On March 27, 2020, the trial court issued a "Memorandum 1925(a) Opinion" stating that it was relying on its earlier opinion and order because they "sufficiently address the issues now raised." On April 3, 2020, Appellant filed with this Court a "SUPPLEMENT TO ANSWER," which consisted of two attachments, the first being a copy of the trial court's March 24, 2020 order stating that it "accepted nunc pro tunc, as if timely filed," Appellant's concise statement, and the second being a copy of the court's "Memorandum 1925(a) Opinion," stating the court was "satisfied that its August 9, 2019 Memorandum Opinion and January 15, 2020 Order sufficiently address the issues now raised."

On April 7, 2020, this Court entered an order stating that Barto's application to quash was "DENIED WITHOUT PREJUDICE to [Barto's] right to again raise this issue . . . after the appeal has been assigned to the panel of this Court that will decide the merits of the appeal." Order, 4/7/20.[2]

On appeal, Appellant presents the following issue:

Did the trial court commit reversible error or abuse of discretion by misinterpreting the prescriptive easement requirement or otherwise failing to find Appellant's use as sufficiently "open and notorious"?

Appellant's Brief at v.

---

[2] Barto argues the quashal issue in his brief. *See* Barto's Brief at 10-13.

Before reaching Appellant's issue, we address Barto's application to quash. As noted, on February 6, 2020, the trial court ordered Appellant to file a 1925(b) concise statement within 21 days, which would have been February 27, 2020.[3] The order included footnotes which cited to various subsections of Rule 1925, including 1925(b)(2). In his request to the trial court for permission to file his concise statement *nunc pro tunc*, Appellant quoted language from the February 6th order which stated: "Failure to file said statement may result in remand from the Superior Court for the filing of a Statement *nunc pro tunc* and filing of an opinion by the Judge," and cited, but did not expand upon, Pa.R.A.P. 1925(c). We note that Rule 1925(c) applies primarily to criminal cases, but as to civil cases, provides: "Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a Statement []." Pa.R.A.P. 1925(c)(2). Significantly, in this case, Appellant did not apply to this Court for *nunc pro tunc* relief.

Relevant to Appellant's request for relief with the trial court, Pennsylvania Rule of Appellate Procedure 1925 states:

---

[3] As a trial court's order pursuant to Rule 1925(b) triggers an appellant's obligation to comply with the rule, we evaluate whether the language in the trial court's order complied with Rule 1925(b). **In re Estate of Boyle**, 77 A.3d 674, 676 (Pa. Super. 2013). Here, the trial court complied, directing Appellant to file and serve his concise statement within 21 days of the filing of its order and expressly stating, "[a]ny issue not properly included in the statement shall be deemed *waived*." Order, 2/6/20 (italics in original).

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.** If the judge entering the order giving rise to the notice of appeal [] desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal []. . . .

> (2) *Time for filing and service*.

> (i) the judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [concise statement]. . . . ***In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement nunc pro tunc***.

Pa.R.A.P. 1925(b)(2)(i) (block emphasis in original, italicized emphasis added).

It is well settled that the untimely filing of a 1925(b) statement, regardless of the length of the delay, generally results in waiver of all issues on appeal. *See Commonwealth v. Castillo,* 888 A.2d 775, 776 (Pa. 2005). Our Supreme Court has opined:

Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; **the courts lack the authority to countenance deviations from the Rule's terms**; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; **appellants and their counsel are responsible for complying with the Rule's requirements**; Rule 1925 violations may be raised by the appellate court *sua sponte,* and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in *Commonwealth v. Lord,* 719 A.2d 306 (Pa. 1998), that must be applied here: "[I]n order to preserve their claims for appellate

review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925. Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived." 719 A.2d at 309.

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (emphasis added).

This Court has likewise held that an appellant's "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b)[,]" including the failure to timely file a concise statement of errors, "will result in **automatic waiver** of the issues raised." *Greater Erie Industrial Develop. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citations omitted; emphasis in original). Writing for the *en banc* Superior Court, Judge — now Justice — Wecht continued, "it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues." *Id.* at 225.

The Note to Rule 1925, Subparagraph (b)(2), includes the following comment:

In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. Courts have also allowed *nunc pro tunc* relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time.

Pa.R.A.P. 1925 (Note) (citations omitted).

After careful consideration and review of the record, we discern no extraordinary or non-negligent circumstances to support the trial court's grant

of *nunc pro tunc* relief. In his request to the trial court for permission to file his concise statement *nunc pro tunc*, Appellant averred:

1. Applicant is [Appellant], by his attorney Marc S. Drier, Esquire.

2. An Order filed February 6, 2020 at 4:40 pm copy enclosed, directed filing of a Statement of Matters Complained of on Appeal, and stated that "[f]ailure to file said statement may result in remand from the Superior Court for the filing of a Statement nunc pro tunc and filing of an opinion by the Judge."

3. Due to the extraordinary circumstances of substantial staff vacancies in February/early March due to flu and colds and the two week vacation of office receptionist in charge of in-office reminders, there was no "tickler" (reminder) or in-office scheduling when the February 6 Order was received.

4. [] Appellant herewith encloses the proposed Statement of Matters, and asks that this [c]ourt allow it nunc pro tunc despite the approximate two week lateness.

5. The undersigned has rarely if ever failed to conform to this [c]ourt's deadlines for filing (and recalls no prior instance).

Appellant's Application for *Nunc Pro Tunc* Relief, 3/13/20, at 1.

Appellant's counsel concedes that he failed to timely file a concise statement. He cites staff vacancies, "flu and cold" illnesses, and the vacation of an office receptionist as "extraordinary circumstances" which caused him to miss the deadline for filing a timely concise statement. *Id.* at ¶ 3. These factors do not constitute extraordinary or non-negligent circumstances. This Court has held — albeit in cases involving *nunc pro tunc* notices of appeal rather than concise statements — that "an attorney's negligence for failure to file . . . does not warrant *nunc pro tunc* relief." ***In re M.S.K.***, 936 A.2d 103,

106 (Pa. Super. 2007) (citation omitted); *see also Freeman v. Bonner*, 761 A.2d 1193, 1196-97 (Pa. Super. 2000) (appellant not entitled to *nunc pro tunc* relief because attorney's absence from jurisdiction attending to terminally ill parent did not amount to non-negligent circumstances).

Recently, we issued two memorandum decisions finding that *nunc pro tunc* relief was improper because extraordinary or non-negligent circumstances were not present. Although the decisions were unpublished, we find them persuasive.[4] In **In Re Estate of Dull**, 1431 WDA 2018 (Pa. Super. Aug. 27, 2019) at *4, 6, we quashed an appeal after the orphans' court granted appellants permission to appeal *nunc pro tunc*, stating that permission to appeal *nunc pro tunc* was improper where "the delay took place because Appellants' counsel failed to follow published rules of procedure," and "counsel must take care to review the rules himself and acts at his own peril if he fails to do so."

Finally, in the most recent and analogous decision, we related a similar procedural history:

> On September 10, 2019, Appellants filed a motion in the trial court, requesting permission to file their concise statement *nunc pro tunc*. On September 11, 2019, the trial court granted Appellants leave to file their concise statement *nunc pro tunc*. On September 18, 2019, the trial court filed a one-paragraph order, asking this Court to affirm the jury's verdict.

---

[4] Unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value. Pa.R.A.P. 126(b).

*Na Li v. Yan Chen*, 1204 MDA 2019 (Pa. Super. June 8, 2020) at \*1.

Despite the trial court granting *nunc pro tunc* relief, we found waiver.

We explained:

> In this case, Appellants' counsel ("counsel") conceded that he failed to file a timely concise statement in violation of the lower court's order. Counsel admitted that he received the trial court's 1925(b) order at his office while he was on vacation. While counsel arranged for a colleague to prepare the concise statement on his behalf, the concise statement was never filed due to a miscommunication between counsel and his colleague. We find Appellants have not shown that they are entitled to *nunc pro tunc* relief due to a breakdown in court processes or "non-negligent" circumstances.
>
> Therefore, we are constrained to find that Appellants waived their issues on appeal by failing to file a timely concise statement pursuant to Pa.R.A.P. 1925(b) after being ordered to do so by the lower court. As Appellants have waived all of their issues on appeal, we may not review the merits of their arguments.

*Na Li v. Yan Chen* at \*2.

Consistent with the foregoing statutory and case law authority, and mindful of the argument advanced by Barto, we are constrained to find waiver. Although the trial court lacked jurisdiction to grant Appellant *nunc pro tunc* relief, we have jurisdiction over this timely appeal. Accordingly, we affirm the judgment, and deny Barto's application to quash as moot. *See In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (appeal "quashed" when Court lacks jurisdiction, trial court "affirmed" when issues are waived because appellant failed to preserve them). *See also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d at 223 (affirming trial court

where appellant failed to comply timely with the trial court's order to file Rule 1925(b) statement).

Judgment affirmed. Application to quash denied.

Judge Shogan joins the memorandum.

Judge Stabile files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2020